For full opinion see 49 Oh Ap 155.

### HADDOX, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2422.  Decided Jan 11, 1935

· Smith W. Bennett, Columbus, for Boyd Haddox.

Clarence M. Addison, Columbus, John M. Rankin, Columbus, and Wilbur E. Benoy, Columbus, for Committee.

### OPINION

By THE COURT

Submitted on application of counsel for Mr. Haddox to certify to the Supreme Court of· Ohio that our judgment in the above entitled matter is in conflict with the case of **In Re, Strong, 27 O.C.A., 257.**

An examination of the petition in error and the briefs in this court discloses that the propostion of law upon which it is urged that we should certify our judgment as being in conflict with the Strong case, supra, was not urged at any time. The action of the Common Pleas Court was not invoked upon the question now presented. We are, therefore, of opinion that it is too late to urge certification.

An examination of the Strong case is also convincing to us that the question there presented is not the one to which our attention is directed in the instant matter. There the Appeals Court was proceeding upon an action instituted in that court to disbar an attorney at law for misconduct in that court which invoked its inherent power as distinguished from statutory jurisdiction which it held could not be enforced under the constitution. Here the action is under the statute wherein the legislature has conferred jurisdiction upon the Common Pleas Court, a statutory court, as a part of the penalty, to disbar an attorney against whom charges of misconduct involving moral turpitude have been proven. The observations of the court in the Strong case respecting the limitations of its disbarment decree was directed to the authority under which it was proceeding.

If we were required to make determination whether or not there was conflict between the cases, we would hold that no conflict appears. We would be pleased to have the Supreme Court review our finding and judgment in this cause, but whether or not it shall do so is a matter entirely within its province. The application for certification will be denied.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.